[735 NYS2d 603]

In the Matter of James S. Frazer, an Attorney, Resignor.

Second Department, December 24, 2001

**APPEARANCES OF COUNSEL**

*Edwin J. Mulhern,* Syosset, for resignor.

*Robert P. Guido,* Syosset, for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

James S. Frazer has submitted an affidavit, dated June 18, 2001, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Frazer was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 9, 1980.

Mr. Frazer has been informed that he is the subject of an ongoing investigation and that charges of professional misconduct would be prosecuted against him in a disciplinary proceed-

ing to be recommended to the Appellate Division. Mr. Frazer avers that he was retained to represent Walid Alam in a personal injury claim emanating from an automobile accident in May 1996. Mr. Frazer received a settlement check in the amount of $42,500, dated July 17, 1998, payable to "James Frazer, as Attorney." Mr. Frazer admittedly converted the proceeds of the settlement check to his own personal use without paying any of the proceeds to his client.

Mr. Frazer acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges which the Grievance Committee would initiate against him. Accordingly, he tenders his resignation in conformity with 22 NYCRR 691.9.

Mr. Frazer avers that his resignation is freely and voluntarily tendered and that he has not been subject to coercion or duress.

He has discussed his decision to resign with his attorney, Edwin J. Mulhern, as well as others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years after the date his resignation is accepted by the Court.

Mr. Frazer is aware that pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the New York Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

As Mr. Frazer's resignation complies with the requirements of Judiciary Law § 90 and the pertinent Court rules, it is accepted, James S. Frazer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ADAMS, JJ., concur.

Ordered that the resignation of James S. Frazer is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James S. Frazer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that James S. Frazer shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James S. Frazer is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.